**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---

In re:

Cherry Garden LLC,

                    Debtor.

Chapter 11

Case No. 24-41144 (NHL)

---

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363 OF THE BANKRUPTCY CODE AND FED. R. BANKR. P. 2002 AND 6004 FOR AN ORDER APPROVING SALE AGREEMENT AND AUTHORIZING SALE OF PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES**

Upon the motion filed on September 12, 2024, Doc. No. 32 (the "Sale Motion"), of Cherry Garden LLC the ("Debtor") for entry of an order pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an order (this "Order") approving the Sale Agreement, as amended, between the Debtor and Cherry 88 LLC, a New York limited liability company (the "Buyer"), in substantially the form attached to the Sale Motion as Exhibit B (the "Sale Agreement"), and authorizing the sale of certain property of the Debtor defined in the Sale Agreement as the Premises (collectively, the "Property") free and clear of all liens, claims and encumbrances; and no Competing Bids having been timely and properly received by the Debtor by the Objection Deadline; and no objections to the relief requested in the Sale Motion having been filed or received, and the Buyer having made the highest and best offer for the Property; and due notice of the Sale Motion and the hearing thereon (the "Sale Hearing") having been given to all parties entitled thereto and no other or further notice need be provided; and upon the record of the Sale Hearing and the representations of counsel made at the Sale Hearing; and upon the record of all prior proceedings in this case; and after due deliberation thereon and good cause appearing therefor;

      **IT IS HEREBY FOUND AND DETERMINED THAT:**

1

A.      This Court has jurisdiction over the Sale Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue of this case and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.      The statutory predicates for the relief sought in the Sale Motion are sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

C.      Proper notice of the Sale Motion and the relief requested therein, the Sale Hearing and related transactions described in the Sale Agreement has been provided in accordance with sections 102(1) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004 to all interested persons and entities, including (i) the Office of the United States Trustee; (ii) counsel to the Buyer; (iii) all persons who made their interest in the Property known to the Debtor and/or their counsel or asserted any liens against or any interest in the Property; (iv) all known creditors and parties in interest in these chapter 11 cases, and (v) all entities having filed a notice of appearance or otherwise entitled to notice pursuant to Bankruptcy Rule 2002.

D.      Creditors, parties-in-interest and other entities have been afforded a reasonable opportunity to bid for the Property and to object or be heard with respect to the Sale Motion and the relief requested therein.

E.      The Debtor has full corporate power and authority to consummate the sale pursuant to the Sale Agreement and all other documents contemplated thereby, and no consents or approvals, other than those expressly provided for in the Sale Agreement, are required for the Debtor to consummate the sale.

F.      Approval of the Sale Agreement and consummation of the sale are in the best interests of the Debtor, its creditors and estates, and other parties-in-interest.

G.      The Debtor has demonstrated good, sufficient, and sound business purpose and

justification and compelling circumstances for the sale pursuant to section 363(b) of the Bankruptcy Code.

H.      The terms and conditions of the Sale Agreement are fair and reasonable. The consideration provided by the Buyer for the Property pursuant to the Sale Agreement (i) is fair and reasonable; and (ii) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code.

I.      The Buyer is not and will not be liable to any agent, broker, person or firm acting or purporting to act on behalf of the Debtor for any commission, broker's fee or finder's fee respecting the sale.

J.      The Property constitutes property of the Debtor' estate. The Debtor is the sole and lawful owner of the Property and holds good title thereto. The transfer of the Property to the Buyer will be a legal, valid, and effective transfer of the Property and will vest the Buyer with all right, title, and interest of the Debtor in and to the Property free and clear of all liens, claims and encumbrances.

K.      The Property is sold in "AS IS," "WHERE IS" and "WITH ALL FAULTS" condition, free and clear of all liens, interests, obligations, rights, encumbrances, pledges, mortgages, deeds of trust, security interests, claims (including, any "claim" as defined in section 101(5) of the Bankruptcy Code), charges, and options, in each case of whatever kind, nature, or description in, against or with respect to any of the Property, having arisen, existed or accrued prior to and through the closing of the sale.  All Liens, Claims and/or Interests shall attach to the net proceeds of the sale with the same validity, priority, force and effect as such Lien, Claim and/or Interest had upon the Property immediately prior to the closing. Those non-Debtor parties with Liens, Claims and/or Interests in or with respect to the Property who did not object, or who withdrew their objections to the Sale Motion are deemed to have consented to the sale of the Property free

3

and clear of those non-Debtor parties' Liens, Claims and/or Interests in the Property pursuant to section 363(f)(2) of the Bankruptcy Code. ***Nothing is this order is intended in any way to affect existing and applicable federal and state law with respect to successor liability. (NHL)***

L.      The Buyer would not enter into the Sale Agreement and would not consummate the transaction, (i) if the transfer of the Property were not free and clear of all Liens, Claims and Interests or (ii) if the Buyer would, or in the future could, be liable for any such Liens, Claims, or Interests extinguished by the sale.

M.      The transfer of the Property to the Buyer does not constitute an avoidable transfer under the Bankruptcy Code.

N.      The transfer of the Property to the Buyer (including any individual elements of the sale transaction), does not, and will not, subject the Buyer to any liability whatsoever, with respect to the Debtor's operation of the Debtor's business prior to the closing of the transaction or by reason of such transfer under the laws of the United States, or any state, territory, or possession thereof, including New York State, based, in whole or in part, directly or indirectly, in any theory of law or equity including, without limitation, any laws affecting antitrust liability. ***Nothing is this order is intended in any way to affect existing and applicable federal and state law with respect to successor liability. (NHL)*** The sale transaction does not amount to a consolidation, merger or de facto merger of the Buyer and the Debtor and/or the Debtor's estate.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

**General Provisions**

1.      The Sale Motion is hereby granted as provided herein.

2.      The findings of fact set forth above and conclusions of law stated herein shall constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any finding

of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

## Approval of the Sale Agreement

3.      The sale, and all of the terms and conditions and transactions contemplated by the Sale Agreement, are hereby authorized and approved pursuant to sections 105(a) and 363(b) of the Bankruptcy Code. The Debtor is authorized and directed to execute and deliver the Sale Agreement and any additional instruments and documents that may be reasonably necessary or desirable to implement the Sale Agreement and to take such other actions as reasonably necessary or desirable to consummate and close the sale and convey the Property to the Buyer in accordance with the terms and conditions of the Sale Agreement and this Order.

## Transfer of the Property

4.      Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, upon the Closing, the Property and all of the Debtor's rights, title and interest therein shall be transferred to the Buyer free and clear of all Liens, Claims and/or Interests, with all such Liens, Claims and/or Interests to attach to the net cash proceeds of the sale (if any) in the order of their priority, with the same validity, force and effect which they now have as against the Property, subject to any claims and defenses, setoffs or rights of recoupment the Debtor or the Debtor's estate may possess with respect thereto.

5.      Following the closing of the sale, all persons and entities holding Liens, Claims and/or Interests against, in or with respect to the Property hereby are forever barred, estopped, and permanently enjoined from asserting such persons' or entities' Liens, Claims and/or Interests against the Property or the Buyer. Following the closing of the sale, no holder of a Lien, Claim and/or Interest shall interfere with the Buyer's title to or use and enjoyment of the Property based on or related to such Lien, Claim and/or Interest or any actions that the Debtor have taken or may

take in their Chapter 11 cases. The Buyer shall have no liability for any Claims (as defined in section 101(5) of the Bankruptcy Code) against the Debtor or its estates. ***Nothing is this order is intended in any way to affect existing and applicable federal and state law with respect to successor liability. (NHL)***

6.      The transfer of the Property to the Buyer pursuant to the Sale Agreement constitutes a legal, valid, and effective transfer of the Property and shall vest the Buyer with all right, title, and interest of the Debtor in and to the Property.

7.      The Buyer has given adequate consideration under the Sale Agreement. The Buyer shall not be deemed to (a) be the successor to the Debtor, (b) have, *de facto* or otherwise, merged with or into the Debtor, or (c) be a mere continuation, alter ego or substantial continuation of the Debtor.

8.      The Buyer shall not have any liability, responsibility or obligation for any claims, liabilities or other obligations of the Debtor or the Debtor's estate, including without limitation, any claims, liabilities or other obligations related to the Property prior to closing.

**Additional Provisions**

9.      Without limiting the other terms of this Order, prior to or upon the closing of the sale, the Debtor's creditors are authorized and directed to execute such documents and take all other actions as may be necessary to release or withdraw their Liens, Claims and/or Interests, if any, in the Property as such Liens, Claims and/or Interests may have been recorded or may otherwise exist.

10.     This Order (i) shall be effective as a determination that, upon the closing of the Sale, all Liens, Claims and/or Interests existing with respect to the Property prior to the closing have been unconditionally released, discharged and terminated as to the Buyer and the Property, and that the conveyances described herein have been effected; and (ii) shall be binding upon all filing

agents, filing officers, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments relating to the Property. ***Nothing is this order is intended in any way to affect existing and applicable federal and state law with respect to successor liability. (NHL)***

11.     Without limiting the other provisions of this Order, if any person or entity that has filed financing statements, registrations or other documents or agreements evidencing interests with respect to the Property shall not have delivered to the Debtor prior to the closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all interests which the person or entity has with respect to the Property, then (i) the Debtor is hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Property; and (ii) the Buyer and/or the Debtor are hereby authorized to file, register, or otherwise record a copy of this Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Liens, Claims and/or Interests in, against or with respect to the Property. This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, and local governmental agency, department, or office.

12.     All entities that are presently, or on the closing may be, in possession of some or all of the Property are hereby directed to surrender possession of the Property to the Buyer upon the Closing.

13.     From and after the date hereof, the Debtor or any creditor or other party in interest shall not take or cause to be taken any action that would interfere with the transfer of the Property

7

to the Buyer in accordance with the terms of this Order.

14.     Except with respect to liabilities expressly assumed in the Sale Agreement, the Buyer shall not have any liability or other obligation of the Debtor arising under or related to the Property. Without limiting the generality of the foregoing, and except as otherwise specifically provided herein or in the Sale Agreement, the Buyer shall not be liable for any claims against the Debtor or any of its predecessors or affiliates. ***Nothing is this order is intended in any way to affect existing and applicable federal and state law with respect to successor liability. (NHL)***

15.     Upon the closing of the sale, the Debtor shall pay the secured claim of RELMO Holdings 14215 L.P., as Servicer ("RELMO") for OWEMANCO Mortgage HOLDING CORPORATION ("Lender"), by wire transfer in the amount of $8,194,004.20 (good through September 26, 2024, except attorneys fees are through June 27, 2024) which amount may be subject to adjustment to take into account additional interest, fees and expenses that have been incurred by RELMO through the closing to an account or accounts that are mutually agreed to and designated by RELMO and its Lender.

16.     Simultaneous with the closing, the Debtor shall pay the United States Trustee fees from the sales proceeds. All disbursements made at the closing will be reported in the Debtor's monthly operating reports. Within 14 days of the closing, a copy of the closing statement from the sale of the property will be (a) filed on the electronic case docket in this case and (b) provided (by electronic mail message) to the U.S. Trustee, attention: Nazar Khodorovsky, Esq., trial attorney.

17.     Any real estate broker representing the Debtor involved in this sale transaction will only be paid by the Debtor after (i) being retained pursuant to Sec. 327(a) of the Bankruptcy Code and (ii) filing a final professional fee application pursuant to Sec. 330 of the Bankruptcy Code (upon notice and an opportunity to object).

18.     This Court hereby retains jurisdiction, regardless of whether a plan of reorganization

8

has been confirmed and consummated and irrespective of the provisions of any such plan or order confirming such plan, to enforce and implement the terms and provisions of the Sale Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects including, but not limited to, retaining jurisdiction to (i) compel delivery of the Property to the Buyer in accordance with the terms of the Sale Agreement; (ii) resolve any dispute, controversy or claim arising under or related to the Sale Agreement, or the breach thereof; and (iii) interpret, implement, and enforce the provisions of this Order and resolve any disputes related thereto.

19.    The terms and provisions of the Sale Agreement and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, their estates and their creditors, the Buyer, and any of such parties' respective affiliates, designees, successors, and assigns, and shall be binding in all respects upon all of the Debtor' creditors, all prospective and actual bidders for the Property, and all persons and entities receiving notice of the Sale Motion or the Sale Hearing, notwithstanding any subsequent appointment of any trustee, examiner, or receiver under any chapter of the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such trustee, examiner, or receiver and shall not be subject to rejection or avoidance by the Debtor, their estates, their creditors, or any trustee, examiner, or receiver.

20.    The automatic stay provisions of section 362 of the Bankruptcy Code are lifted and modified to the extent necessary to implement the terms and conditions of the Sale Agreement and the provisions of this Order.

21.    The failure specifically to include any particular provision of the Sale Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Sale Agreement be authorized and approved in its entirety**, _unless modified by this Order (NHL)_**.

9

22.     The Sale Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment or supplement does not have a material effect on the Debtor's estate.

23.     This Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 6004(h), 6006(d), 7062 or otherwise.

Dated: September 27, 2024
       Brooklyn, New York



Nancy Hershey Lord
United States Bankruptcy Judge