UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

\-----------------------------------------------------------x

In re:                                                                  Chapter 11

      CHERRY GARDEN LLC,                         Case No.: 24-41144-nhl

                           Debtor.

\-----------------------------------------------------------x

**ORDER GRANTING PLAN PROPONENT'S MOTION DISALLOWING
CLAIM NUMBER 3 FILED BY PRECISE CONTRACTING & DEVELOPMENT LLC
<u>AKA PRECISE GROUP LLC</u>**

Upon the objection [Dkt. No. 66] (the "<u>Objection</u>"), dated January 17, 2025, of the creditor

and plan proponent, OWEMANCO Mortgage Holding Corporation by its servicer RELMO 14215

Holdings L.P. (the "<u>Plan Proponent</u>"), in the above-captioned Chapter 11 case of Cherry Garden

LLC (the "<u>Debtor</u>"), pursuant to sections 105(a) and 502 of Title 11 of the United States Code,

Rule 3007 of the Federal Rules of Bankruptcy Procedure and E.D.N.Y. LBR 3007-1, seeking the

entry of an order disallowing claim No. 3 filed by Precise Contracting & Development LLC a/k/a

Precise Group LLC by its full amount; and an opposition to the Objection was made by Precise

Contracting & Development LLC on February 18, 2025 (the "Opposition"); and the Court having

held a hearing on the Objection on February 25, 2025, at which appeared William X Zou (Counsel

to Debtor), Avrum J. Rosen (Counsel to RELMO 14215 Holdings L.P), Shannon Anne Scott

(Office of the United States Trustee), and Marwan Sehwail (Counsel to Precise Contracting &

Development LLC); and the Opposition having been overruled; and the Court having found that:

(i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2), (iv) notice of the Objection was sufficient and no additional

notice of or a hearing on the Objection is required under the circumstances, and (v) the relief sought

in the Objection is in the best interests of the Debtor's estate, its creditors and other parties in interest; and the Court having reviewed the Objection and having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; now, therefore,

IT IS HEREBY ORDERED THAT:

1.    The Objection is sustained to the extent provided herein.

2.    Pursuant to Section 502, Bankruptcy Rule 3007 and Rule 3007-1, Proof of Claim Number 3 filed by Precise Contracting & Development LLC a/k/a Precise Group LLC is hereby reduced to $0.00.

3.    The Clerk of the Court is authorized to take any and all actions necessary or appropriate to give effect to this Order.

4.    The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.



Dated: March 10, 2025
    Brooklyn, New York

_____
Nancy Hershey Lord
United States Bankruptcy Judge