# EXHIBIT

# "A"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                    Chapter 11

        CHERRY GARDEN LLC,                   Case No.: 24-41144-nhl

                         Debtor.
---------------------------------------------------------------x

**ORDER AUTHORIZING OWEMANCO MORTGAGE HOLDING CORPORATION
ITS SERVICER RELMO 14215 HOLDINGS L.P. TO ISSUE
SUBPOENAS FOR: (I) THE PRODUCTION OF DOCUMENTS; (II) THE DEBTOR'S
PRINCIPAL, BAO GUI ZHUO, TO APPEAR AND SUBMIT TO AN EXAMINATION
UNDER OATH; AND (III) PERMIT INSPECTION OF THE PREMISES**

Upon the motion dated January 17, 2025 (the "Motion") of OWEMANCO Mortgage

Holding Corporation by its servicer RELMO 14215 Holdings L.P. (the "Movant"), in the above-

captioned Chapter 11 case of Cherry Garden LLC (the "Debtor"), pursuant to Rule 2004 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order authorizing the

Movant to issue a subpoena for the production of documents to the Debtor, by its principal, Bao

Gui Zhuo (the "Debtor's Principal"), as more fully set forth in the Motion; having moved on

January 17, 2025; and this Court having jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and there being no opposition to the

relief sought in the Motion, or said opposition having being withdrawn or otherwise overruled;

and this Court having determined that the relief requested in the Motion is in the best interests of

the Debtor's estate, creditors and other parties in interest, and this Court having determined that

the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

and upon due deliberation and sufficient cause appearing therefor; it is

**ORDERED** that the Movant is authorized under Bankruptcy Rule 2004 and 9016, to issue such subpoenas as may be necessary to compel the production of documents and the written testimony of the Debtor in connection with the administration of this chapter 11 case; and it is further

**ORDERED** that the Debtor, by and through the Debtor's Principal, shall appear for an oral deposition at either the Law Offices of Avrum J. Rosen, PLLC, 38 New Street, Huntington, New York 11743 at a date and time to be mutually agreed upon by and between the Movant via its counsel and the Debtor, which date shall be no earlier than fourteen (14) days from the date of service of a subpoena; and it is further

**ORDERED** that unless otherwise agreed to by the Movant, the Debtor shall have fourteen (14) days from the service of the subpoena to either (1) produce to the Movant all responsive documents requested in the Movant's subpoena, other than those documents withheld under a claim of privilege; or (2) file with this Court an objection or response to the subpoena with a hearing promptly scheduled; and it is further

**ORDERED** that unless otherwise agreed by the Movant, if the Debtor withholds any documents from the production based upon a claim of privilege, the Debtor is directed to provide counsel for the Movant with a privilege log, containing the information required under Bankruptcy Rule 7026 and E.D.N.Y. L.B.R. 7026-1, within fourteen (14) days of the service of a subpoena on the Debtor; and it is further

**ORDERED** that nothing herein shall limit the rights of the Debtor under applicable law to object to or oppose any subpoena the Movant may serve upon the Debtor; and it is further

**ORDERED** that the Movant shall file with the Court an affidavit or declaration of service for each subpoenas Movant serves; and it is further

**ORDERED** that this Order is without prejudice to the Movant's right to file further motions seeking additional documents and testimony pursuant to Bankruptcy Rule 2004(a) or any other applicable law; and it is further

**ORDERED**, that the Court may retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order.

Dated: February 7, 2025
Brooklyn, New York



Nancy Hershey Lord
United States Bankruptcy Judge

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

Eastern _____ District of New York _____

In re Cherry Garden LLC _____     Case No. 24-41144-nhl _____
                          Debtor

                                              Chapter 11 _____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Cherry Garden LLC by its principal Bao Gui Zhuo _____

*(Name of person to whom the subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE<br>The Law Offices of Avrum J. Rosen PLLC<br>38 New Street<br>Hutntington, NY 11743 | DATE AND TIME<br>March 7, 2025<br>11:00 a.m. |
|---|---|

The examination will be recorded by this method: **Stenographer** _____

☐ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2/12/2025 _____

                CLERK OF COURT

                                        OR

_____                /s/ Nico G. Pizzo
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* OWEMANCO Mortgage Holding Corporation by its servicer RELMO 14215 Holdings L.P. , who issues or requests this subpoena, are: Nico G. Pizzo, Esq.

The Law Offices of Avrum J. Rosen PLLC, 38 New Street, Hutntington, NY 11743; 631-423-8527; npizzo@ajrlawny.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Eastern__                                          District of __New York__

In re CHERRY GARDEN LLC
_____
Debtor

_(Complete if issued in an adversary proceeding)_

Case No. __24-41144-nhl__

Chapter _____

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Cherry Garden LLC
_____
_(Name of person to whom the subpoena is directed)_

☑ _Production_:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    See Schedule "A" Annexed to this Subpoena

| PLACE | DATE AND TIME |
|---|---|
| The Law Offices of Avrum J. Rosen PLLC, 38 New St, Huntington, NY 11743 | February 28, 2025, at 4:00 P.M. |

☑ _Inspection of Premises_:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| 142-11 and 142-15 Cherry Avenue, Flushing, NY 11355 | March 5, 2025 at 12:00pm |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  2/12/2025
_____

CLERK OF COURT

OR

_____                    /s/ Nico G. Pizzo
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_ OWEMANCO Mortgage Holding Corporation by its servicer RELMO 14215 Holdings L.P. , who issues or requests this subpoena, are: Nico G. Pizzo, Esq.,
Law Offices of Avrum J. Rosen, PLLC, 38 New St., Huntington, NY 11743, npizzo@ajrlawny.com, (631) 423-8527

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT

# "B"



**Nico Pizzo <npizzo@ajrlawny.com>**

## CHERRY GARDEN LLC, Case No.: 24-41144-nhl

**Avrum Rosen** <arosen@ajrlawny.com>                                    Wed, Feb 26, 2025 at 3:43 PM
Reply-To: arosen@ajrlawny.com
To: Nico Pizzo <npizzo@ajrlawny.com>

We still want to examine him, send the exhibit

---------- Forwarded message ---------
From: **William X. Zou** <xfzou@aol.com>
Date: Wed, Feb 26, 2025, 3:41 PM
Subject: Re: CHERRY GARDEN LLC, Case No.: 24-41144-nhl
To: Avrum Rosen <arosen@ajrlawny.com>

Dear Mr. Rosen,

As you are aware, I am the attorney for the Debtor in this matter. As you are also aware, the court approved sale did not occur due to the Debtor's principal, Mr. Bao Gui Zhuo's refusal to attend the closing. Since then, the relationship between my office and Mr. Zhuo has deteriorated.

We did not oppose your motion for 2004 examination because at that time, there was a plan and disclosure statement proposed which the Court also indicated it may conditionally approve it, which serves the interests of Debtor as well, so we did not oppose the plan, nor the motion for 2004 examination.

Now the Court has stated that it is not going to approve the plan or DS, the 2004 examination does not seem to serve any purpose other than incurring unnecessary legal fees for the estate of the Debtor or to get possession of the property foreclosed by your client.

I have forwarded your subpoenas and the Court Order to Mr. Zhuo, and explained to him in his native tongue, Chinese, that he has to comply by producing documents and appearing for depositions. He has stated to me that he is no longer interested in this matter, that he will not either respond or appear for the depositions.

Your subpoena made reference to a Schedule A, however, there is no Schedule A attached thereto.

As I had disclosed to the Court and your predecessor, Mr. Zhuo had stated to me that he had consulted with a broker or consultant before the scheduled closing and it was such broker or consultant who put in occupants into the property, that he has not collected any rent from any of such occupants. So the Debtor is out of possession of the property as well.

If you have any idea to get sooner possession of the premises for your client, I am willing to help. Please feel free to call me anytime.


Best regards,

Bill
Bill Zou & Associates PLLC
Attorneys at Law
136-20 38th Avenue, Suite 10D
Flushing, NY 11354
Tel:(718) 661-9562
Fax: (718) 661-2211

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error, please notify us or the system manager. This message contains confidential and privileged information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.

**WIRE FRAUD ALERT** - DO NOT WIRE

**請不要电汇給任何人或賬戶，務必先要致電給我們办公室確認真實性。**

**Never wire funds to any accounts including ours without calling our office to personally confirm wire information / authenticity. If at any time you should receive an email from this office or someone involved in the transaction, please call first to verify the information before initiating any wire transfers. All wire transfers are subject to verbal verification.**

On Tuesday, February 25, 2025 at 11:33:01 AM EST, Avrum Rosen <arosen@ajrlawny.com> wrote:

> he is logging in now
> Thank you.
>
> Avrum J. Rosen, Esq.
>
> martindale-hubbel-distinguished
> martindale-hubbel-preeminent
> The Law Offices of Avrum J. Rosen, PLLC
> 38 New Street
> Huntington, New York 11743
> Phone: 631-423-8527
> Fax 631-423-4536
> arosen@ajrlawny.com
> ajrlawny.com
>
>
> On Tue, Feb 25, 2025 at 11:32 AM Bill Zou <xfzou@aol.com> wrote:
>> Hi avrum, pls let me know once you log back on, I'm not in office
>>
>> Bill
>> Sent from my iPhone

On Jan 29, 2025, at 5:01 PM, Avrum Rosen <arosen@ajrlawny.com> wrote:

[Quoted text hidden]



## CHERRY GARDEN LLC, Case No.: 24-41144-nhl

**Nico Pizzo** <npizzo@ajrlawny.com>                                    Wed, Feb 26, 2025 at 3:52 PM
To: arosen@ajrlawny.com, "William X. Zou" <xfzou@aol.com>

Mr. Zou,

I am responding on behalf of Mr. Rosen. Attached here is a copy of Exhibit A. My client intends to pursue examination of the Debtor and enforcement of the 2004 Order. If this is the Debtor's confirmation that he intends to willfully violate the Court's Order, I will prepare the necessary motion to compel compliance and to seek sanctions.

Very truly yours,

Nico G. Pizzo, Esq.
Partner
The Law Offices of Avrum J. Rosen, PLLC
38 New Street
Huntington, New York 11743
Phone: (631) 423-8527
Fax: (631) 423-4536
npizzo@ajrlawny.com

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

[Quoted text hidden]

 **SCHEDULE A.pdf**
107K

 **Gmail**

Nico Pizzo <npizzo@ajrlawny.com>

---

## CHERRY GARDEN LLC, Case No.: 24-41144-nhl

---

**William X. Zou** <xfzou@aol.com>                    Wed, Feb 26, 2025 at 4:01 PM
To: "arosen@ajrlawny.com" <arosen@ajrlawny.com>, Nico Pizzo <npizzo@ajrlawny.com>

The Debtor is represented by Mr. Zhuo, if Mr. Zhuo is not cooperating, I do not know what else I can do.


Best regards,


Bill Zou & Associates PLLC
Attorneys at Law
136-20 38th Avenue, Suite 10D
Flushing, NY 11354
Tel:(718) 661-9562
Fax: (718) 661-2211

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error, please notify us or the system manager. This message contains confidential and privileged information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.

**<u>\*\*WIRE FRAUD ALERT\*\* - DO NOT WIRE</u>**

**<u>請不要电汇給任何人或賬戶，務必先要致電給我們办公室確認真實性。</u>**


**Never wire funds to any accounts including ours without calling our office to personally confirm wire information / authenticity. If at any time you should receive an email from this office or someone involved in the transaction, please call first to verify the information before initiating any wire transfers. All wire transfers are subject to verbal verification.**


[Quoted text hidden]