# EXHIBIT

# "C"

## *Rosen, Tsionis & Pizzo*

**A Professional Limited Liability Company**
Attorneys at Law
38 New Street
Huntington, New York 11743
631 423 8527
npizzo@ajrlawny.com

AVRUM J. ROSEN
NICO G. PIZZO
ALEX E. TSIONIS+
(+ *also admitted in New Jersey*)

 ------------

DEBORAH L. DOBBIN
DANIEL J. LEBRUN

August 7, 2025

**<u>VIA ELECTRONIC MAIL</u>**
Cherry Garden LLC
c/o William X Zou
Bill Zou & Associates PLLC
136-20 38th Ave Ste 10-D
Flushing, NY 11354-4263

> **Re:    <u>Cherry Garden LLC, Case No.: 24-41144-nhl</u>**

Dear Mr. Zou:

My firm represents RELMO 14215 Holdings L.P. in the above Chapter 7 Case. As you know, on August 6, 2025 the Court entered the Order Compelling the Debtors Compliance (the "<u>Compel Order</u>") with the Court's 2004 Order. Enclosed is a copy of the Compel Order, the Schedule "A"documents, a copy of the initial subpoena demanded inspection of the Property, and an updated subpoena setting the deposition.

Pursuant to the Compel Order, the Debtor is required to comply with the following deadlines:

<strong><u>AUGUST 21, 2025</u></strong>

The Debtor shall produce the documents demanded in the enclosed Schedule "A"

<strong><u>AUGUST 28, 2025</u></strong>

The Debtor shall permit RELMO to inspect the Property under the Production Subpoena

<strong><u>SEPTEMBER 6, 2025</u></strong>

The Debtor, by and through its principal, shall appear and submit to examination under Rule 2004

Cherry Garden LLC
August 7, 2025
Page 2 of 2

Please contact me by August 11, 2025 to schedule a date to conduct the inspection, which shall occur prior to the August 28, 2025 deadline.

According to the enclosed updated deposition subpoena the Debtor's appearance is required at my office to conduct the deposition on September 2, 2025.

Should the Debtor fail to comply with the deadlines set forth in the Compel Order, Relmo will move for sanctions against the parties in contempt, and this letter will be submitted as an exhibit.

Kindly be guided accordingly

Very truly yours,

*/s/ Nico G. Pizzo*
Nico G. Pizzo

Enc.
CC:    Bao Gui Zhu (Via First Class Mail)
        RELMO

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                      Chapter 7

      CHERRY GARDEN LLC,                             Case No.: 24-41144-nhl

                        Debtor.
------------------------------------------------------------X

## ORDER DIRECTING AND COMPELLING
## THE DEBTOR AND ITS PRINCIPAL TO
## COMPLY WITH THE 2004 ORDER AND SUBPOENAS

UPON the motion [Dkt. No. 99] (the "Motion") of the creditor, OWEMANCO Mortgage

Holding Corporation by its servicer RELMO 14215 Holdings L.P. (the "RELMO"), in the above-

captioned Chapter 7 case of Cherry Garden LLC (the "Debtor"), seeking the entry of an order

pursuant to section 105 of Title 11 of the United States Code (the "Bankruptcy Code") directing

and compelling the Debtor by and through the Debtor's Principal[1] (Boa Gui Zhuo) to comply with

this Court's Order entered on February 7, 2025 [Dkt. No. 74] (the "2004 Order"), pursuant to Rule

2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing RELMO

to issue subpoenas to the Debtor, by and through the Debtor's Principal, for (i) the production of

documents; (ii) appear for a deposition; and (iii) permit inspection of the real property commonly

known as 142-11 and 142-15 Cherry Avenue, Flushing, NY 11355 (the "Property"); together with

such other further and different relief as this Court deems just, proper and equitable; and the

Motion having come on for a hearing before the Court on July 31, 2025; and there being no

opposition to the relief sought or said opposition having been withdrawn or otherwise overruled;

and RELMO's counsel having appeared before the Court at the hearing; and the Court, having

considered the Motion and having determined that the Motion should be granted; it is hereby

---

[1] Defined terms not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

**ORDERED**, that the Debtor and the Debtor's Principal are hereby directed to comply with the 2004 Order; and it is further

**ORDERED**, that the Debtor shall produce the documents demanded under the Production Subpoena identified as 'Schedule A" in the 2004 Motion, within fourteen (14) days from the entry of this Order; and it is further

**ORDERED**, the Debtor shall permit RELMO to inspect the Property under the Production Subpoena within twenty-one (21) days from the entry of this Order; and it is further

**ORDERED**, that the Debtor, by and through the Debtor's Principal, shall appear and submit to examination under Rule 2004 pursuant to the Deposition Subpoena within thirty (30) days from the entry of this Order; and it is further

**ORDERED**, that RELMO is hereby authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order; and it is further

**ORDERED**, that RELMO shall serve a copy of this Order by electronic mail, or if not available, by regular mail, upon the Debtor, the Debtor's Principal, and the Debtor's counsel by not later than three (3) days after the date of entry of this Order, and shall file an affidavit of service attesting to service of the Order; and it is further

**ORDERED**, that the Court may retain jurisdiction to resolve any disputes arising or related to this Order and to interpret, implement and enforce the provisions of this Order.

Dated: August 6, 2025
  Brooklyn, New York

_____
Nancy Hershey Lord
United States Bankruptcy Judge

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

Eastern _____ District of New York _____

In re Cherry Garden LLC _____

Debtor

Case No. 24-41144-nhl _____

Chapter 11 _____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Cherry Garden LLC by its principal Bao Gui Zhuo _____

*(Name of person to whom the subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE<br>Rosen, Tsionis & Pizzo, PLLC<br>38 New Street<br>Hutntington, NY 11743 | DATE AND TIME<br>September 2, 2025<br>11:00 a.m. |
|---|---|

The examination will be recorded by this method: Stenographer _____

☐ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/7/2025 _____

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/ Nico G. Pizzo _____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* OWEMANCO Mortgage Holding Corporation by its servicer RELMO 14215 Holdings L.P. , who issues or requests this subpoena, are: Nico G. Pizzo, Esq.

Rosen, Tsionis & Pizzo, PLLC, 38 New Street, Huntington, NY 11743; 631-423-8527; npizzo@ajrlawny.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____

                                                    _____
                                                                    *Server's signature*

                                                    _____
                                                                    *Printed name and title*

                                                    _____
                                                                    *Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                         Chapter 11

       CHERRY GARDEN LLC,                      Case No.: 24-41144-nhl

                    Debtor.
------------------------------------------------------------x

**ORDER AUTHORIZING OWEMANCO MORTGAGE HOLDING CORPORATION
ITS SERVICER RELMO 14215 HOLDINGS L.P. TO ISSUE
SUBPOENAS FOR: (I) THE PRODUCTION OF DOCUMENTS; (II) THE DEBTOR'S
PRINCIPAL, BAO GUI ZHUO, TO APPEAR AND SUBMIT TO AN EXAMINATION
UNDER OATH; AND (III) PERMIT INSPECTION OF THE PREMISES**

Upon the motion dated January 17, 2025 (the "Motion") of OWEMANCO Mortgage

Holding Corporation by its servicer RELMO 14215 Holdings L.P. (the "Movant"), in the above-

captioned Chapter 11 case of Cherry Garden LLC (the "Debtor"), pursuant to Rule 2004 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order authorizing the

Movant to issue a subpoena for the production of documents to the Debtor, by its principal, Bao

Gui Zhuo (the "Debtor's Principal"), as more fully set forth in the Motion; having moved on

January 17, 2025; and this Court having jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and there being no opposition to the

relief sought in the Motion, or said opposition having being withdrawn or otherwise overruled;

and this Court having determined that the relief requested in the Motion is in the best interests of

the Debtor's estate, creditors and other parties in interest, and this Court having determined that

the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

and upon due deliberation and sufficient cause appearing therefor; it is

**ORDERED** that the Movant is authorized under Bankruptcy Rule 2004 and 9016, to issue such subpoenas as may be necessary to compel the production of documents and the written testimony of the Debtor in connection with the administration of this chapter 11 case; and it is further

**ORDERED** that the Debtor, by and through the Debtor's Principal, shall appear for an oral deposition at either the Law Offices of Avrum J. Rosen, PLLC, 38 New Street, Huntington, New York 11743 at a date and time to be mutually agreed upon by and between the Movant via its counsel and the Debtor, which date shall be no earlier than fourteen (14) days from the date of service of a subpoena; and it is further

**ORDERED** that unless otherwise agreed to by the Movant, the Debtor shall have fourteen (14) days from the service of the subpoena to either (1) produce to the Movant all responsive documents requested in the Movant's subpoena, other than those documents withheld under a claim of privilege; or (2) file with this Court an objection or response to the subpoena with a hearing promptly scheduled; and it is further

**ORDERED** that unless otherwise agreed by the Movant, if the Debtor withholds any documents from the production based upon a claim of privilege, the Debtor is directed to provide counsel for the Movant with a privilege log, containing the information required under Bankruptcy Rule 7026 and E.D.N.Y. L.B.R. 7026-1, within fourteen (14) days of the service of a subpoena on the Debtor; and it is further

**ORDERED** that nothing herein shall limit the rights of the Debtor under applicable law to object to or oppose any subpoena the Movant may serve upon the Debtor; and it is further

**ORDERED** that the Movant shall file with the Court an affidavit or declaration of service for each subpoenas Movant serves; and it is further

**ORDERED** that this Order is without prejudice to the Movant's right to file further motions seeking additional documents and testimony pursuant to Bankruptcy Rule 2004(a) or any other applicable law; and it is further

**ORDERED**, that the Court may retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order.



Dated: February 7, 2025
Brooklyn, New York

Nancy Hershey Lord
United States Bankruptcy Judge

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

Eastern _____ District of New York _____

In re Cherry Garden LLC _____        Case No. 24-41144-nhl _____

_____Debtor_____

Chapter 11 _____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Cherry Garden LLC by its principal Bao Gui Zhuo

*(Name of person to whom the subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| The Law Offices of Avrum J. Rosen PLLC<br>38 New Street<br>Hutntington, NY 11743 | March 7, 2025<br>11:00 a.m. |

The examination will be recorded by this method: **Stenographer** _____

☐ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2/12/2025 _____

CLERK OF COURT

OR

_____        /s/ Nico G. Pizzo
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* OWEMANCO Mortgage Holding Corporation by its servicer RELMO 14215 Holdings L.P. , who issues or requests this subpoena, are: Nico G. Pizzo, Esq.

The Law Offices of Avrum J. Rosen PLLC, 38 New Street, Hutntington, NY 11743; 631-423-8527; npizzo@ajrlawny.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Eastern_____                    District of _New York_

In re CHERRY GARDEN LLC
_____
Debtor

_(Complete if issued in an adversary proceeding)_

Case No. _24-41144-nhl_

Chapter _____

_____
Plaintiff
v.

_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Cherry Garden LLC
_____
_(Name of person to whom the subpoena is directed)_

☑ _Production_: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    See Schedule "A" Annexed to this Subpoena

| PLACE | DATE AND TIME |
|---|---|
| The Law Offices of Avrum J. Rosen PLLC, 38 New St, Huntington, NY 11743 | February 28, 2025, at 4:00 P.M. |

☑ _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| 142-11 and 142-15 Cherry Avenue, Flushing, NY 11355 | March 5, 2025 at 12:00pm |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _2/12/2025_

CLERK OF COURT

OR

_____                    /s/ Nico G. Pizzo
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_ OWEMANCO Mortgage Holding Corporation by its servicer RELMO 14215 Holdings L.P. , who issues or requests this subpoena, are: Nico G. Pizzo, Esq.,
Law Offices of Avrum J. Rosen, PLLC, 38 New St., Huntington, NY 11743, npizzo@ajrlawny.com, (631) 423-8527

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)