UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:                                                                    Chapter 7

    CHERRY GARDEN LLC,                              Case No.: 24-41144-nhl

                    Debtor.
--------------------------------------------------------X

**ORDER AWARDING MONETARY SANCTIONS AGAINST
THE DEBTOR'S PRINCIPAL, BOA GUI ZHUO, FOR HIS
FAILURE TO COMPLY WITH BANKRUPTCY COURT ORDER**

UPON the Motion [Dkt. No. 109] (the "Motion") of the creditor, RELMO 14215 Holdings

L.P. (the "RELMO"), in the above-captioned Chapter 7 case of Cherry Garden LLC (the

"Debtor"), seeking the entry of an order under Section 105 of Title 11, United States Code (the

"Bankruptcy Code"), and Rules 2004, 9014 and 9020 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"): (i) holding the Debtor by and through the Debtor's principal,

Boa Gui Zhuo (the "Debtor's Principal") in contempt for his failure to comply with: (a) this Court's

Order entered on February 7, 2025 [Dkt. No. 74] (the "2004 Order"), and (b) this Court's Order

dated August 6, 2025 [Dkt. No. 105] compelling the Debtor's Principal to comply with the 2004

Order (the "Compel Order"); and (ii) imposing monetary sanctions against the Debtor's Principal;

and the matter having come on for a hearing before the Court on November 13, 2025 (the

"Hearing"); and there being no opposition to the relief sought or said opposition having been

withdrawn or otherwise overruled; and RELMO's counsel having appeared before the Court at the

hearing; and after due deliberation, and upon the entire record before the Court, and at the Hearing;

it is hereby

**ORDERED**, that the Debtor and the Debtor's Principal are held in contempt for the failure

to comply with the 2004 Order and the Compel Order; and it is further

**ORDERED**, that RELMO is granted monetary sanctions against the Debtor's Principal for its reasonable attorney's fees and expenses in the amount of $3,708.50 (the "Sanctions") incurred by RELMO in connection with its efforts to compel the Debtor's Principal to comply with the 2004 Order, and the Compel Order; and it is further

**ORDERED**, that the Debtor's Principal shall remit to RELMO, in good funds, full payment of the Sanctions by certified funds made payable to "RELMO 14215 Holdings L.P." and shall be delivered to "Rosen, Tsionis & Pizzo, PLLC, 38 New Street, Huntington NY 11743", within thirty (30) calendar days of the date this Order is served; and it is further

**ORDERED**, that the Debtor's Principal may purge the contempt if he both: (i) produces the documents demanded under the Production Subpoena identified as 'Schedule A" in the 2004 Motion, within fourteen (14) days from the entry of this Order; AND (ii) shall appear and submit to examination under Rule 2004 pursuant to the Deposition Subpoena within thirty (30) days from the entry of this Order; and it is further

**ORDERED**, that in the event the Debtor's Principal fails to purge the contempt within thirty (30) days of the entry of this Order, monetary sanctions shall be imposed against the Debtor's Principal in the amount of Two Hundred Fifty dollars ($250.00) per day; and it is further

**ORDERED**, that RELMO is hereby authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order; and it is further

**ORDERED**, that RELMO shall serve a copy of this Order by electronic mail, or if not available, by regular mail, upon the Debtor, the Debtor's Principal, and the Debtor's counsel by not later than three (3) days after the date of entry of this Order, and shall file an affidavit of service attesting to service of the Order; and it is further

**ORDERED**, that this Court may retain jurisdiction over this matter to determine any disputes that may arise hereunder.